UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Court No.: 14-cr-10363-RGS |
| v. | ) ) | |
| BARRY J. CADDEN, et al., | ) ) | |
| Defendants. | ) ) | |

**MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The United States of America hereby moves this Court to reconsider its ruling on the Government's Motion for a Protective Order (hereinafter the "Motion") and to amend the Protective Order entered by the Court on February 24, 2015 (hereinafter, the "Order"). As set forth below, the government respectfully submits that a protective order in which there is no mechanism for designating which documents are governed by the Order would be unworkable in this case, and thus would not properly safeguard the voluminous confidential and sensitive materials produced in discovery. The lack of such a mechanism in the Order is particularly problematic here, given that the terms used in the Order to describe materials to be governed by it are undefined and inconsistent throughout the Order. In addition, the government should not be bound by the terms of the Order when it is the producing party. Accordingly, the government requests that the Court grant the Motion in its entirety.[1] If the Court does not grant the Motion in its entirety, the government requests that the Court: (1) add to the Order a provision that enables all parties to have a common understanding about which documents are governed by the Order

---

[1] The government notes, as it did at the Initial Status Conference on February 26, 2015, that there were provisions in the government's draft order submitted with the Motion to which all attorneys in the case had agreed but were not included in this Court's Order.

and which are not; (2) clearly and consistently define in the Order which materials are to be governed by it; (3) only require the party receiving discovery to be bound by the terms of the Order; and (4) add a signature paragraph whereby each person who receives documents governed by the Order affirms his or her agreement to be bound by it.

## PROCEDURAL BACKGROUND

On January 14, 2015, the government provided initial discovery in this case. For some of the fourteen defendants, the discovery comprised 3.6 million pages of records and documents, and nineteen unique electronic databases with an additional 4.1 million pages of records and documents. On February 12, 2015, the government made a second discovery production to the defendants, which, for some, comprised an additional 90,000 pages of records and documents, and an additional nine unique electronic databases with an additional 985,000 pages of records and documents. The records and documents disclosed to the defendants (hereinafter "the discovery materials") comprised highly confidential and sensitive information, including, among other things, dates of birth, social security numbers, and personal addresses of victims and third parties; medical records and autopsy photos and records of the victims; victims' health insurance and financial information; and personal statements from infected victims and next-of-kin. The discovery materials also included employment, personal identifying, and other confidential and sensitive information relating to third parties and defendants.

Prior to producing discovery to the defendants, the government attempted to obtain the assent of all of the parties to a protective order to guard against public disclosure of any sensitive or confidential material included in the discovery materials.[2] The purpose of the protective order

---

[2] When making both discovery productions, the government requested that defense counsel treat all discovery as if it were governed by the draft proposed order submitted with the

was not to limit the defendants in their efforts to prepare defenses in this case, but rather to safeguard the privacy interests of victims, third parties, and the defendants themselves. After multiple discussions with counsel for the defendants, the government made several revisions to the draft protective order and circulated drafts in an attempt to create a proposed order to which all parties agreed. The government, in fact, agreed to all but two of the multiple revisions proposed by defense counsel. Nonetheless, its attempts to craft an order to which all parties agreed proved unsuccessful, and the government filed its Motion on January 16, 2015. Four of the defendants assented to the draft protective order included with the Motion, while three defendants deferred to the Court on the issue. Six of the defendants did not assent.

On January 30, 2015, defendant Barry Cadden filed a limited opposition to the Motion. Two of the six non-assenting defendants later joined in it. On February 6, 2015, the government filed a Reply brief with the Court's consent. On February 24, 2015, the Court granted in part and denied in part the government's Motion and entered the Order. The government asserts herein, as it did orally at the Initial Status Conference on February 26, 2015, that the Order does not adequately safeguard confidential and sensitive information included in the discovery materials because it provides no mechanism by which all parties could have a common understanding of which documents are governed by the Order, and also uses undefined and inconsistent terms to refer to materials to be governed by it.

## **ARGUMENT**

The government submits that it is imperative that the protective order entered in this case contain a procedure that enables all of the parties and their attorneys to have a common understanding about which of the over 8 million pages of documents produced in discovery are

---

government's Motion until the Court entered a final protective order in this case. No counsel objected to this condition.

governed by the Order and which are not. There are several reasons why such a provision is important here. First, as noted above, the discovery in this case is voluminous. There are simply too many documents produced in discovery to assume that each attorney will come to the same conclusion about whether each page is governed by the Order. Further, there are fourteen defendants in the case, some of whom are represented by multiple attorneys. Currently, there are nineteen attorneys who receive ECF notices in the case, and presumably more who work on it. This makes it even more important for each attorney to be clear about which documents are governed by the Order (and less likely that all attorneys will, on their own, reach the same conclusion). Additionally, the discovery materials contain highly confidential and sensitive information, such that public disclosure of these materials could cause significant harm to victims, third parties, and the defendants themselves. As the Court knows, this is a high-profile case with significant media attention. If a document is disclosed that should have been governed by the Order, there will be no opportunity to rectify the issue. For all of these reasons, the government submits that the Order must contain a provision that requires the producing party to designate the documents it believes are governed by the Order, and allows the receiving party to bring unresolved issues about those designations, if any, to the Court's attention.[3] The government thus should be required to designate which of the over 8 million pages it has

---

[3] Such a procedure by which the producing party designates which documents it deems confidential and governed by the protective order has been included in protective orders entered in several other high-profile and/or health care related cases in this district, including U.S. v. Bulger, 283 F.R.D. 46, 60 (2012) (ordering the government "to identify by Bates number and category each document" subject to the order); U.S. v. DiMasi, et al., 09-cr-10166-MLW, Document 58, at 3 (Jun. 23, 2009) ("The government shall identify the documents subject to this Protective Order when they are disclosed to defense counsel."); U.S. v. Brettschneider, et al., 10-cr-10358-MLW, Document 94, at 3 (Sept. 19, 2011) ("The government shall identify the documents and information subject to this Order at the time the documents are produced to defense counsel of record."); and U.S. v. Parke-Davis, 210 F.R.D. 257, 258 (D. Mass. 2002), 96-cv-11651-PBS, Document 149, at 1-2 (Jan. 3, 2002) (providing for the producing party to designate documents and information as confidential and subject to the protective order).

produced that it asserts should be governed by the Order. When and if the defendants produce documents to the government, they should be required to do the same. A protective order without such a provision simply would be unworkable in this case.

Second, the terms of the Order, and specifically the descriptions of which documents are governed by the Order, must be clear and consistent. The first paragraph of the Order describes the documents governed by the Order as discovery "that contains *individually identifiable patient information* and financial information concerning any of the defendants." Order at 1 (emphasis added). The third paragraph of the Order states that the materials governed are those "that contain[] *individually identifiable medical information* and/or defendants' financial information." Id. at 2 (emphasis added). Finally, the sixth paragraph of the Order requires the defendants to return "all *confidential discovery materials*" to the government. Id. (emphasis added). None of these three sets of terms are defined. Further, none of these sets of terms appears to protect, among other things, victims' names, addresses, social security numbers, health insurance information, or financial information. The terms used to define which materials are governed by the Order must be clear and uniform throughout it. Finally, the Order does not address whether if one page in a larger document, such as a victim's medical record, contains "individually identified patient information" to be protected by the Order, the entire record is protected or just that page. In order to avoid such confusion, the most workable outcome is for the Order to refer to documents governed by it as "confidential discovery materials" – the term agreed to by all parties in the case – and to require the producing party to designate documents governed by the Order, subject to the receiving parties' objections and the Court's resolution of any disputed documents. It is simply the only way for questions about which portions of the voluminous discovery in this case are protected to be universally answered.

Third, the government submits that the Order should only govern the use of documents by non-producing, or receiving, parties. The government has been in possession of most of the documents it produced in discovery for months if not years, and obtained many of them using Federal Rule of Criminal Procedure 6(e), which continues to restrict the government's use of those documents. As the government noted in its Reply, government attorneys are subject to a variety of rules and obligations that prevent their public disclosure of the discovery materials to which defendants and defense counsel are not. See e.g., Fed. R. Crim. P. 6(e) (imposing secrecy obligations on prosecutors with respect to grand jury materials); Local R. 83.2A (prohibiting attorneys associated with criminal investigations from making any extrajudicial statements); 28 C.F.R. § 50.2 (proscribing Department of Justice personnel from disseminating any information that could influence the outcome of a trial); U.S. Att'ys Manual, Title 1, Ch. 1, § 7.500 – 7.550 (establishing rules governing disclosure of pending criminal matters). In compliance with these rules and obligations, the government has safeguarded the discovery materials in this case from public disclosure, some for more than two years. The rules and obligations imposed on government attorneys have been and will continue to be sufficient protection to alleviate the need for a reciprocal protective order for documents the government produced. See e.g., U.S. v. DiMasi, 2011 WL 915349, at *5 n.3 (Mar. 16, 2011) (Wolf, J. Mem. and Order) (noting that the defendants withdrew a request to have the protective order expanded to the government in light of the Federal Rules of Criminal Procedure, the Local Rules, and the Code of Federal Regulations); U.S. v. Brettschneider, 10-cr-10358-MLW, Document 94, at 1 (Sept. 19, 2011) (applying protective order only to defense counsel of record and their agents).

Finally, the Order contains a provision by which individuals given access to documents governed by the Order must sign the Order "to affirm his or her understanding of such person's

obligation not to disclose the information before such information is disclosed." As noted at the Initial Status Conference, the government had included such a provision in its initial draft of the protective order that it circulated to defense counsel; prior to filing the Motion, the government deleted that provision at the request of one of the defense attorneys. The government thus has no objection to the inclusion of such a provision in the Order, and merely requests that an affirmation signature paragraph appear at the end of it for the sake of clarity and consistency. The government suggests the following paragraph be added at the end of the Order:

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I have read the protective order entered in <u>United States v. Barry J. Cadden, et al.</u>, No. 14-cr-10363-RGS, and/or that I have had the terms of the protective order explained to me. I agree that the order applies to me and that I am bound by, and will comply with, its terms.

_____
SIGNATURE

_____
NAME

_____
DATE

**CONCLUSION**

For the above reasons, the government respectfully requests that the Court reconsider its ruling on, and grant, the Government's Motion for a Protective Order. If the Court does not grant the Motion, the government requests that the Court amend the Order as described above.

                                              Respectfully submitted,

                                              CARMEN M. ORTIZ
                                              UNITED STATES ATTORNEY

By:    /s/ Amanda P.M. Strachan
        AMANDA P.M. STRACHAN
        BBO # 641108
        GEORGE P. VARGHESE
        Assistant United States Attorneys
        John J. Moakley United States Courthouse
        One Courthouse Way, Suite 9200
        Boston, Massachusetts 02210
        (617) 748-3100
        amanda.strachan@usdoj.gov
        george.varghese@usdoj.gov

Dated: March 10, 2015

Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for the defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

                                      By:    /s/ Amanda P.M. Strachan
                                              AMANDA P.M. STRACHAN
                                              Assistant United States Attorney

Dated: March 10, 2015