UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No.: 14-cr-10363-RGS |
| | ) |
| BARRY J. CADDEN, et al. | ) |
| | ) |
| Defendants. | ) |

**BARRY CADDEN'S OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The Protective Order the Court entered in this case sensibly and fairly addresses the confidentiality concerns of the parties related to medical, financial, and personal identifying information contained in discovery. There is no need or reason to amend that Protective Order and the Government does not provide any new grounds in its Motion for Reconsideration that warrants the Court revisiting its earlier ruling. To the contrary, the Government's Motion merely recycles the same arguments and rationales that the Parties previously briefed, and that this Court already considered and rejected. Accordingly, Defendant Barry Cadden hereby opposes the Government's Motion for Reconsideration for the reasons he raised in his Limited Opposition to Government's Motion for a Protective Order, some of which are briefly summarized below.

**I.  As the Protective Order properly acknowledges, counsel for the Defendants and the Government in this case are perfectly capable of determining which documents are subject to confidentiality.**

Contrary to the Government's suggestion in its Motion for Reconsideration, the universe of confidential discovery in this case is easily discernable. The Protective Order is supposed to,

and does, make confidential only three straightforward categories of information: (1) financial information concerning any of the defendants; (2) individual medical information; and, (3) personal identifying information (such as social security numbers and other personal data identifiers as set forth in the Local Rules). No matter the volume of discovery or the number of attorneys reviewing that discovery, there is little doubt that the attorneys and any other individuals involved in this case are all capable of recognizing the discovery that falls into one or more of those categories.[1] Indeed, attorneys do so all of the time because these types of information are already protected by federal and state laws (e.g., HIPAA) and local rules. Accordingly, contrary to the Government's assertions no Amendment to the Protective Order is necessary to facilitate compliance.

**II.     Because counsel are capable of determining whether information is subject to the Protective Order, it is entirely unnecessary and inefficient to require the Parties to go through millions of pages of discovery to designate confidential material, as the Government proposes.**

In its Motion for Reconsideration, the Government, once again, proposes that the Protective Order should require the Parties to engage in the extremely burdensome process of reviewing every one of the millions of pages of discovery to identify confidential information. The Government previously proposed this process in its Motion for a Protective Order, and the Court appropriately rejected that approach as unnecessary and inefficient. Nothing has changed. As noted above, counsel for the Parties in this case are all well-equipped to determine what discovery does and does not fall into the straightforward categories of confidential information that are enumerated in the Protective Order. Thus, there is no need to engage in the type of lengthy and cumbersome, not to mention extremely costly, process the Government proposes.

---

[1] To the extent the Court believes it is necessary, Mr. Cadden has no objection to including a uniform definition in the Protective Order that defines "confidential material" as "all financial information concerning any of the defendants, all individual medical information, and all personal identifying information."

### III. As this Court has already determined, it is appropriate and necessary for the Protective Order to apply to all Parties, including the Government.

When the Court entered the Protective Order it correctly determined that it should govern *all* parties in the case, including the Government. In arriving at that conclusion, the Court considered, and rejected, the same arguments the Government raises now, primarily that other rules and obligations imposed on government attorneys should substitute for application of the Protective Order. Once again, the Court should reject the Government's attempt to create a double standard. Given the extreme sensitivity of the confidential discovery in this case, it is just as important for Government personnel to be subject to the Protective Order as it is for defense counsel. In fact, requiring Governmental compliance with the Protective Order—including obtaining signatures of persons provided access to confidential discovery—is even more important in this case due to the sheer number and extent of federal agencies and representatives involved. The Court correctly ruled on this issue when it entered the Protective Order, and there is no reason to reconsider that decision now.

The Parties have already briefed each of these issues, and the Court already ruled on all of them when it entered the Protective Order. The process set forth in that Protective Order is the best and fairest way to deal with confidential material in this case. The Government's Motion for Reconsideration should be denied.

Respectfully submitted,

BARRY J. CADDEN,
By his attorneys,

 /s/    Callan G. Stein
Bruce A. Singal (BBO# 464420)
Michelle R. Peirce (BBO# 557316)
Callan G. Stein (BBO# 670569)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street – Suite 1320
Boston, MA 02108
Telephone:  (617) 720-5090
bsingal@dbslawfirm.com
mpeirce@dbslawfirm.com
cstein@dbslawfirm.com

Dated:  March 31, 2015

**CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on March 31, 2015.

 /s/    Callan G. Stein
Callan G. Stein