UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Court No.: 14-cr-10363-RGS |
| v. | ) ) |  |
| BARRY J. CADDEN, et al., | ) ) |  |
| Defendants. | ) ) |  |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'**
**JOINT MOTION TO CONTINUE DISCOVERY DEADLINE**

The United States of America hereby opposes the Defendants' Joint Motion to Continue Discovery Deadline (hereinafter, the "Motion") for a period of 60 days to January 3, 2016. The government submits that the defendants have had the bulk of the discovery materials for nine months now. During that time, the defendants have had ample opportunity to review the materials as evidenced by their multitude of discovery requests, and extensive motion to compel.[1] The government's limited supplemental discovery productions since February do not justify extending a deadline set more than four months ago, and the defendants put forth no compelling argument why it should. Accordingly, the defendants' Motion for a 60-day extension is without merit, and the Court should deny the Motion.

**FACTUAL BACKGROUND**

As this Court is aware, the government has made five discovery productions to date, totaling more than 8.8 million Bates-numbered pages for some of the defendants.[2] The vast majority of the discovery materials were provided to the defendants in the first two discovery productions on January 14, 2015, and February 11, 2015, respectively. Specifically, by February

---
[1] The defendants have indicated that they plan to file a second discovery motion today.
[2] The discovery productions were tailored to the individual defendants and the charges each faces. Thus, all of the defendants did not receive exactly the same discovery productions.

11, 2015, the defendants had received 8.8 million pages.  Consistent with its continuing duty to disclose newly discovery additional evidence or material, the government supplemented its discovery productions on March 25, 2015, May 11, 2015, and June 23, 2015.  These three additional productions combined for a total of approximately 33,500 additional pages.

On June 30, 2015, four months after the majority of discovery was provided in this case, the Court set a discovery motion deadline of November 3, 2015.  The deadline imposed by the Court provided the defendants with approximately nine months to review the materials and make appropriate requests.

After reviewing the discovery provided thus far in this case, the defendants have collectively sent the government six discovery request letters as of this date.  Within the letters, the defendants have made approximately 93 unique discovery requests of the government.[3]  The defendants also filed a motion to compel discovery, and expect to file another.

The government is in the process of preparing a sixth discovery production.  The sixth production comprises an additional 1,400 pages of materials as well as a release of an unknown amount of additional e-mails that have been cleared by the government's filter team, whose work to identify potentially privileged documents from the seized servers is ongoing.[4]  The defendants filed the Motion arguing that the sixth discovery production justifies a delay of the Court's imposed discovery motion deadline by 60 days.  All of the defendants' arguments are without merit, and therefore the Motion should be denied.

---

[3] The defendants have also sent letters requesting bills of particulars, and filed a motion with the Court, seeking additional information from the government.

[4] As of this date, it is unknown exactly how many e-mails will be cleared by the filter team for release to the prosecution team.  The number will likely be tens of thousands of additional e-mails.  It should be noted that the government produced to the defendants more than 1.1 million e-mails in the first two discovery productions.

# ARGUMENT

At the outset, the defendants argue that the deadline should be extended because the sixth discovery production may contain up to 50,000 additional e-mails cleared by the government's filter team. However, the government has already disclosed to the defendants more than 1.1 million e-mails seized in this case. The defendants put forth no explanation of why these additional e-mails, which even the prosecution team has not yet seen, and at most would comprise less than five percent of the total e-mails disclosed, should delay the deadline by an additional two months.

Second, the defendants argue that because of their technical difficulties they have not been able to review the discovery that they have had for nine months now. Specifically, the defendants claim that they have only had the ability to review the database material for four months. But despite these technical difficulties, the defendants have made approximately 93 unique discovery requests of the government. Therefore, any argument that the defendants have been unable to review the discovery materials is unpersuasive at best.

Third, the defendants argue that in light of the government's recent disclosure of its search terms, "a significant question has arisen concerning the adequacy of the government's compilation and production of discovery materials." Mot. at 4. The search terms about which the defendants complain were compiled by prosecutors and federal agents to execute the search warrants on the electronic media. The search terms were not compiled to conduct the defendants' investigation for them or to compile the government's discovery productions. In fact, since January 26, 2015, the government has repeatedly offered to make the original electronic media available to the defendants for their own independent searching and review. During the past ten months, no defendant has elected to conduct their own investigation of the

electronic media seized in the case.  The defendants' failure to conduct their own investigation over the past ten months should not justify an extension of the discovery motion deadline by an additional sixty days and potentially jeopardize the April 4, 2016 trial date.

Finally, the government has from its first discovery production provided the defendants with assistance in getting to the heart of the issues in this case.  As this Court knows, in its first discovery production in January, the government produced its reports of interviews of 260 witnesses and a spreadsheet identifying the e-mails it had to date identified as hot or relevant.  The government further provided the discovery in searchable databases to the extent the government maintained them in such a format.  The government made the discovery as navigable as it could, with clearly labeled electronic folders, including one titled Indictment Counts, which contained the documents most relevant to each count charged in the Indictment.  Since January, the government has readily answered questions raised by defense counsel about discovery and attempted to enable them to get up to speed as quickly as possible.  Per Judge Stearns's order, the government will produce to the defendants by November 30, 2015, a preliminary exhibit list.  A 60-day extension, which would extend the discovery process in this case to a year – is simply unwarranted.

**CONCLUSION**

For the above reasons, the United States respectfully requests that the Court deny the Motion.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s/ George P. Varghese
AMANDA P.M. STRACHAN
BBO # 641108
GEORGE P. VARGHESE
Assistant United States Attorneys
John J. Moakley United States Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100
amanda.strachan@usdoj.gov
george.varghese@usdoj.gov

Dated: November 3, 2015

Certificate of Service

I hereby certify that the foregoing documents filed through the ECF system will be sent electronically to counsel for the defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

By: /s/ George P. Varghese
GEORGE P. VARGHESE
Assistant United States Attorney

Dated: November 3, 2015