UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-10363-RGS |
| ) | |
| KATHY S. CHIN, ) | |
| MICHELLE L. THOMAS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS KATHY S. CHIN'S AND MICHELLE L. THOMAS'
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

In this indictment the government has alleged no more than that Chin and Thomas were pharmacists employed in the shipping department at NECC checking that the orders were what they were supposed to be. Without more, and taken in the context of Count 3 as well as the rest of the indictment, the indictment does not sufficiently charge facts which if proved would establish a violation of the statute. Moreover, even if the allegations are sufficiently charged, the statute would be void for vagueness as applied to persons in their position.

This is not a case of pharmacists selling drugs directly to patients without medical supervision, the potentially dangerous situation that the statute was meant to prevent. *Compare, e.g., United States v. Smith,* 573 F.3d 639 (8th Cir. 2009) cited by the government at p. 5 of their Opposition. Here NECC was selling drugs to hospitals or clinics pursuant to the order of a licensed physician. The government is improperly attempting to apply the statute "to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope...." *United States v. Lanier*, 520 US 259, 266 (1997). Particularly as to Chin and Thomas,

employed in the shipping department and not alleged to have been part of the conspiracy alleged in Count 3, the statute is void for vagueness if and as applied to them.

But the court need not reach that issue because the indictment does not allege conduct which if proved would constitute a violation of the statute. "In determining whether an indictment is sufficient, we read it as a whole and give it a "common sense construction."...] In other words, the indictment's "validity is to be determined by practical, not technical, considerations." *United States v Jordan,* 582 F.3d 1239, 1245 (11th Cir. 2009) (internal citations omitted). "Even when an indictment "tracks the language of the statute, `it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *United States v. Bobo,* 344 F.3d 1076, 1083 (11th Cir.2003) (citing *Russell v. United States,* 369 U.S. 749, 765, 82 S.Ct. 1038, 1048-49, 8 L.Ed.22d 240 (1962)). " *United States v Schmitz,* 634 F.3d 1247, 1261 (11th Cir. 2011).

Read as a whole and given a common sense construction, the indictment does not allege that Kathy Chin or Michelle Thomas "dispensed" drugs within the meaning of the statute. Read as a whole and given a common sense construction, the indictment alleges that NECC was a corporation owned and operated by pharmacist Barry Cadden which had numerous employees, many of them licensed pharmacists, performing various parts of its operations. A number of those employees including Barry Cadden confirmed prescription orders faxed in by hospitals and clinics. The indictment alleges in Count 3 that Barry Cadden, National Sales Director Rob Ronzio and various employees in the confirming department conspired to avoid FDA oversight by allowing facilities to use fake patient names when ordering drugs. Neither Kathy Chin nor Michelle Thomas is charged in Count 3. Rather, they are alleged to have worked in the shipping department.

Read as a whole and given a common sense construction, a pharmacist employed in NECC's shipping department is not engaged in dispensing drugs within the meaning of the statute. The cases cited by the government are inapposite. In *United States v 2600 State Drugs Inc,* 235 F.2d 913 (7th Cir. 1956) only 3 individual defendants were charged and they were described as officers or employees of the company. There was no allegation that they were low level employees who were not selling the drugs in question. Thus the government is incorrect in saying, "[s]imilar facts here implicate the defendants' professional duties." Government Opp at p.9.  In *United States v General Nutrition Inc.,* 638 F.Supp.556 (W.D.N.Y. 1986) the defendants who claimed that they were low level employees of the company were nevertheless a manager and an assistant manger of retail stores who were caught in an undercover operation selling the product and making the allegedly illegal health benefit claims that made it an unauthorized drug. They were not employees in the shipping department who had nothing to do with the alleged relevant illegal conduct here charged in Count 3. The government has cited no case that holds that shipping department employees such as Chin and Thomas "dispensed" drugs within the meaning of the statute.

## **CONCLUSION**

For all of the foregoing reasons and those set forth in their motion and memorandum,this Court should grant the Motion to Dismiss.

Respectfully Submitted,


KATHY S. CHIN,
By her attorney,

/s/ Joan M. Griffin
Joan M. Griffin (BBO# 549522)
PO Box 133
Dublin, NH 03444
Griffin@LawJMG.com
(617) 283-0954



Michelle L. Thomas,
By her attorney,

/S/ *Michael C. Bourbeau*

MICHAEL C. BOURBEAU BBO #545908
236 Commercial Street, Unit One
Boston, MA 02109
(617) 350-6565


Date:   November 10, 2015


**CERTIFICATE OF SERVICE**

I hereby certify that the above document was served on all parties of record by ECF filing on November 10, 2015.

/s/ Joan M. Griffin
Joan M. Griffin