UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )
UNITED STATES OF AMERICA | )
| ) Court No.: 14-cr-10363-RGS
v. | )
| )
BARRY J. CADDEN, et al. | )
| )
Defendants. | )
| )

**STATUS REPORT**

Pursuant to the Court's Order dated December 3, 2015, the United States of America hereby responds to the Court's questions regarding the government's Filter Team and its review of the potentially privileged material seized during search warrants executed at New England Compounding Center ("NECC").

As the Court is aware, the government executed two criminal search warrants at NECC in October 2012. Pursuant to those warrants, the government seized a large volume of electronic media ("the original electronic media"). In its discretion, the government identified which pieces, as well as what parts of those pieces, of the electronic media to search ("the processed electronic media") that were most relevant to the criminal investigation. To further narrow the search, the government utilized search terms to identify potentially relevant documents from the processed electronic media. To avoid any privileged material, the government used potentially privileged search terms and date restrictions to identify the material from the potentially relevant documents that may contain privileged communications. All materials that hit on the search terms but <u>not</u> the potentially privileged search terms and date restrictions were provided to the investigative team for its review (the "investigative set"); all materials that hit on the search

terms and the potentially privileged search terms and date restrictions were provided to the Filter Team for its review (the "potentially privileged set").

The investigative set comprised approximately 1.1 million e-mails and documents, all of which have been provided to the defendants in the government's discovery productions. The potentially privileged set, which numbered approximately 713,000 e-mails and documents, was provided to the Filter Team for its review. In its discretion, the Filter Team did not attempt to clear all 713,000 e-mails and documents. Instead, at the request of the investigative team, the Filter Team prioritized material from certain custodians and time-periods. To date, the Filter Team has reviewed approximately 133,000 e-mails and documents. During the course of the investigation, the Filter Team has made approximately five productions to the investigative team of cleared material, totaling approximately 64,000 e-mails and documents.[1] All of the cleared material has been provided to the defendants in the government's discovery productions. The Filter Team anticipates making an additional production of 19,000 e-mails and documents to the investigative team prior to the Court's December 10, 2015, deadline. The government intends to produce these additional cleared e-mails and documents to the defendants upon receipt. Following this production, approximately 630,000 e-mails and documents will remain in the potentially privileged set.

On November, 10, 2015, the Court issued an order requiring the government to "complete its taint review of potentially privileged emails no later than December 10, 2015." Doc. No. 389 [hereinafter, "the Order"]. The government interpreted the Order to mean any e-mails not cleared by the Filter Team prior to December 10, 2015, would be excluded from use at trial by the government. With this understanding, on November 16, 2015, the government

---

[1] To be clear, the Filter Team did not conclude that the other 50,000 were in fact privileged. Instead, these e-mails and records were designated as privileged or requiring further second-level review.

offered the defendants the original media (in whole or in part), the processed electronic media, or the entire potentially privileged set that had not yet been reviewed by the Filter Team.

Prior to the status hearing, the defendants informed the government that they read the Order as compelling the United States Attorney's Office to devote its internal resources to conduct a privilege review of the approximately 630,000 e-mails and documents for the defendants in the 20 business days between the Order and December 10, 2015. Such an understanding was obviously inconsistent with the government's November 16, 2015, offer to provide them with the entire potentially privileged set. If the government understood that the Court was ordering the Filter Team to review approximately 630,000 e-mails and documents in 20 business days, the government would have objected to it because the manner in which the government conducts a search warrant is a matter that lies within its discretion. See United States v. Tsarnaev, 2014 WL 5308087, at *11 (D. Mass. Oct. 17, 2014) ("It is 'generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant.'") (quoting Dalia v. United States, 441 U.S. 238, 239 (1979)).

Moreover, the government would have further objected to the Order as factually impossible for the Filter Team, as well as exceeding this Court's authority. See e.g., Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982) (holding that a court cannot compel an investigation, which is a discretionary act); Ross v. United States Attorney's Office, 511 F.2d 524, 525 (9th Cir. 1975) (holding that "[t]he well-settled principle that mandamus does not lie to compel a United States Attorney to perform a discretionary act"); Balance v. Peeples, 2010 WL 3069201, at *1 (D.D.C. Aug. 5, 2010) (holding that plaintiff "cannot compel a criminal investigation by any law enforcement agency"); Stamper v. United States, 2008 WL 4838073, at *3 (N.D. Ohio

Nov. 4, 2008) (holding that a court cannot compel a United States Attorney to conduct an investigation); O'Connor v. Nevada, 507 F. Supp. 546, 549 (D. Nev. 1981) ("It has been held that federal district courts cannot order a United States Attorney to conduct an investigation or initiate a prosecution because it would violate the doctrine of separation of powers.").

With respect to the government's discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government's offer to the defendants to provide them with (i) the original electronic media (in whole or in part), (ii) the processed electronic media, or (iii) the potentially privileged set, satisfies the government's discovery obligations. As the government has informed the Court, it has offered to provide the defendants with the original electronic media since January 2015.

In considering the privileged nature of any communications the government discloses in discovery, it is important to note that "[w]hen material is seized pursuant to a search warrant, production is not voluntary." United States v. Ary, 518 F.3d 775, 783 (10th Cir. 2008). As a result, no privilege is waived by the government's seizure of the material and production of it to the defendants in discovery. The government set up the Filter Team in order to shield potentially privileged communications from the investigative team, not to avoid production of such material to the defendants in discovery. In such circumstances, courts have held that the party holding the privilege must identify the material and seek judicial action to enforce the protection.[2] Id. at 783; see also United States v. de la Jara, 973 F.2d 746, 749 (9th Cir. 1992) ("When the disclosure is involuntary, we will find the privilege preserved if the privilege holder has made

---

[2] The government notes, however, that the defendants began asking for the set of search terms the government used to cull the investigative set in their first motion to compel discovery, for the purported purpose that they needed the terms in order to determine whether to conduct their own searches. The government ultimately disclosed the terms to the defendants pursuant to Judge Stearns's order. Since that time, the defendants want additional searches run on the processed electronic media. If the defendants had concerns about receiving potentially privileged e-mails as part of that process, they never indicated as much.

efforts reasonably designed to protect and preserve the privilege."); Bowles v. Nat'l Ass'n of Home Builders, 224 F.R.D. 246, 253 (D.D.C. 2004) ("Courts have consistently held that, in cases of involuntary disclosure, waiver occurs only when the holder has failed to take reasonable steps to reclaim the protected material."). Accordingly, in this case, the government submits that if the defendants elect either of the three discovery options the government has offered, any of the defendants or the now-bankrupt NECC corporation (through the post-confirmation officer) wishing to assert a privilege should identify the material and request either a clawback or an order from the Court to prevent use of the privileged material. Such a proposal is consistent with the case law, the government's discovery obligations, and this Court's authority.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s/ Amanda P.M. Strachan
AMANDA P.M. STRACHAN
BBO # 641108
GEORGE P. VARGHESE
Assistant United States Attorneys
John J. Moakley United States Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100
amanda.strachan@usdoj.gov
george.varghese@usdoj.gov

Dated: December 4, 2015

CERTIFICATE OF SERVICE

   I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for the defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/ Amanda P.M. Strachan
                Amanda P.M. Strachan
                Assistant U.S. Attorney

Dated: December 4, 2015