UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Court No.:  14-cr-10363-RGS |
| ) | |
| BARRY J. CADDEN, et al. ) | |
| ) | |
| Defendants. ) | |

**RESPONSE OF GREGORY CONIGLIARO, CARLA CONIGLIARO, AND DOUGLAS CONIGLIARO TO THE GOVERNMENT'S DECEMBER 4, 2015 STATUS REPORT**

Defendants Gregory Conigliaro, Carla Conigliaro, and Douglas Conigliaro (certain of the "Control Group defendants") respectfully submit this response to the Government's December 4, 2015 Status Report (Dkt. 453) ("Status Report").[1]

As the Court noted during the status conference on December 3, 2015, privileged material ordinarily should be produced by the Government only to members of a corporation's control group, and therefore it would be improper for any defendant, other than Barry Cadden, Gregory Conigliaro, or Carla or Douglas Conigliaro, to receive (or have received) any attorney-client privileged material.[2]

---

[1]   This response is submitted on behalf of these three Defendant-owners/directors of NECC and/or related entities because it is their privileged communications that may be impacted.

[2]   Additionally, at certain times prior to the seizure of the NECC database by the Government, some or all of the members of the Control Group may have been communicating with personal attorneys.  Presumably, those communications would be subject to the attorney-client privilege as well.

The taint team process is in place primarily to avoid the type of situation that the Court and the parties are now facing.[3]  The fact that the taint team review is still far from complete is wholly unrelated to any actions or conduct of Gregory Conigliaro, Carla Conigliaro, or Douglas Conigliaro (or any other members of the Control Group).  That process has been and remains entirely under the control of the Government.  As such, it would be fundamentally unfair to the Control Group defendants to permit anyone other than the taint team (or the Control Group defendants themselves) to possess attorney-client privileged communications or attorney work-product.  Counsel for Gregory Conigliaro, Carla Conigliaro, and Douglas Conigliaro will continue to work with the Government to attempt to resolve these issues; at the same time, however, these defendant-owners/directors respectfully reassert the attorney-client privilege, both as members of the Control Group and as individuals.

In addition, the cases cited by the Government in support of the proposition that the act of producing discovery does not waive the privilege are misplaced.  While it is true that when the Government seizes documents the attorney-client privilege is not waived (because from the perspective of the holder of the privilege, the seizure is involuntary), those cases do not address whether the Government's subsequent production of privileged documents to a group of defendants, which include individuals outside of the circle of privilege, constitutes a waiver.  For example, in United States v. Ary, 518 F.3d 775, 783 (10th Cir. 2008), cited by the Government in its Status Report, the issue related to the seizure of privileged material, not the production of that material after the seizure.

---

[3]     The concerns surrounding the taint team process and privilege are not new issues in this case.  The attorney-client privilege was asserted long ago by the Control Group, shortly after the Government reported that certain documents had slipped through the taint team.  At that time, in May, 2013, the Government contended that those documents did not appear to be privileged; that contention was promptly challenged by certain members of the Control Group in letters to the Government.

Having been unable to complete the taint team process that it commenced several years ago, the Government now suggests that it simply produce everything -- including privileged materials as to some of the defendants -- to all of the defendants. This would effectively allow the Government to seize privileged materials and then release them to third parties outside of the privilege, without affording those defendants with a claim of privilege the opportunity to protect the privilege. Once the documents go beyond the Control Group, there is nothing to prevent defendants outside the privilege from providing copies to other third parties, thus jeopardizing the ability of any Control Group defendant to claim any meaningful privilege. Likewise, the Government's position that each of the Control Group defendants might now be required to cull through hundreds of thousands of documents in order to identify which of them are privileged -- or lose and/or waive the privilege -- is unrealistic, impractical, and unfair.

As stated above, counsel for Gregory Conigliaro, Carla Conigliaro, and Douglas Conigliaro will continue to work with the Government to attempt to resolve these issues, but, at a minimum, the Government should be required to fulfill its discovery obligations by completing its taint team review.

Respectfully Submitted,

GREGORY CONIGLIARO,

By his attorneys,

/s/ Dan Rabinovitz
Dan Rabinovitz, Esq. (BBO #558419)
John Wells, Esq. (BBO #671345)
Greenberg Traurig LLP
One International Place
Boston, MA  02110
(617) 310-6000 – phone
(617) 310-6001 – fax
rabinovitzd@gtlaw.com
wellsj@gtlaw.com

3

        Respectfully Submitted,

        CARLA R. CONIGLIARO and
        DOUGLAS A. CONIGLIARO,

        By their attorneys,

        /s/ David E. Meier
        David E. Meier, BBO # 341710
        dmeier@toddweld.com
        Melinda L. Thompson, BBO # 651265
        mthompson@toddweld.com
        Todd & Weld LLP
        One Federal Street
        Boston, MA  02110
        (617) 720-2626

Dated:  December 9, 2015

## CERTIFICATE OF SERVICE

I, David E. Meier, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 9, 2015.

        /s/ David E. Meier