UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | Court No.: 14-cr-10363-RGS |
| v. | ) | |
| | ) | |
| BARRY J. CADDEN, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated December 4, 2015 (Dkt. 455) (the "Order"), the United States of America and the defendants, Barry J. Cadden, Glenn A. Chin, Gene Svirskiy, Christopher M. Leary, Joseph M. Evanosky, Scott M. Connolly, Sharon P. Carter, Alla V. Stepanets, Gregory A. Conigliaro, Robert A. Ronzio, Kathy S. Chin, Michelle L. Thomas, Carla R. Conigliaro, and Douglas A. Conigliaro, by their undersigned counsel, respectfully submit this memorandum to report on their efforts to resolve their discovery dispute concerning the approximately 630,000 e-mails and documents that remain segregated with the government's filter team.[1]

Counsel for the United States and a representative subset of the defendants met for approximately 60 minutes on December 10, 2015 to discuss the foregoing issue. The parties were unable to reach agreement. Since the Court issued the Order, counsel for the United States has also consulted with counsel for Douglas, Carla, and Gregory Conigliaro, as well as counsel for the post-confirmation officer for NECC. Below, the parties summarize their respective positions.

---

[1] For purposes of this Joint Status Report, the defendants Gregory Conigliaro, Carla Conigliaro, and Douglas Conigliaro respectfully incorporate and rely upon the positions previously set forth in their response to the government's status report, dated December 9, 2015 (Dkt. 464).

**I.      GOVERNMENT'S POSITION**

The government's position as outlined in its status report filed on December 4, 2015 (Doc. No. 453) (the "Status Report"), is that the government has met its discovery obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure by providing the discovery it has produced and making the 630,000 e-mails contained in the potentially privileged set, currently segregated form the investigative team, available to the defendants for their review.[2]  In its meeting with a subset of defense counsel on December 10, 2015, the government once again reaffirmed this offer.[3]  The government explained to defense counsel during the meeting that the filter team was set up to preclude the investigative team from relying on any potentially privileged material in reaching any charging decisions.  As this Court is aware, serious constitutional concerns are raised when government agents rely on potentially privileged material in a criminal prosecution.  See United States v. Neill, 952 F. Supp. 834, 839 (D.D.C. 1997) (holding that "the right to a fair trial could be crippled by government interference with the attorney-client privilege long before the formal commencement of a criminal proceeding").  These same constitutional issues are not implicated by providing the defendants with access to the potentially privileged material in discovery.

With respect to any potentially privileged communications contained in these e-mails, as stated in the Status Report, any such privilege belongs to the now-bankrupt corporation, New England Compounding Center.  As such, the privilege is held by the post-confirmation officer.

---

[2]  The government produced an additional approximately 19,150 e-mails and documents to the defendants on December 10, 2015.  These documents were recently released by the filter team, and the investigative team has not yet reviewed them.  There are approximately 630,000 e-mails and documents remaining in the potentially privileged set.

[3]  The government first made this offer on November 16, 2015, along with its offers to provide the electronic media in its original or processed form.  As the government has previously noted, it first began offering to make the electronic media available to the defendants in January 2015.

See Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 358 (1985) (holding that "the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to prebankruptcy communications"). There can be no claim of privilege by any of the former managers or owners of NECC. Id. at 349 ("Displaced managers may not assert the privilege over the wishes of the current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties."). To the extent that the defendants Gregory Conigliaro, Carla Conigliaro, and Douglas Conigliaro assert otherwise (Doc. No. 464), they are simply wrong.[4] As a result, the government has reached out to the post-confirmation officer of NECC to determine his position regarding waiver of the privilege, or the possibility of a claw back following disclosure to the defendants.

As noted above, on December 10, 2015, the government once again offered to provide the potentially privileged set to the defendants and reiterated its position that providing the e-mails and documents to the defendants would not waive any applicable privileges, as it would be an involuntary disclosure by the privilege holder.[5] See United States v. Ary, 518 F.3d 775, 783 (10th Cir. 2008) ("When material is seized pursuant to a search warrant, production is not voluntary."). In an effort to resolve the impasse, the government also outlined an alternative for any counsel wishing to raise a privilege to do so. Specifically, the government proposed that the

---

[4] To the extent that the defendants are claiming some individual privilege in the company e-mails, this too is unfounded. As NECC's own Internet and computer policy states, "[t]he company may examine, for whatever reason, an employee's Internet use, including all email with or without notice or an employee's consent. Accordingly, all employees should not expect that their use of the Company's Internet access, email or resources will be private." (FDA_P00047879). See e.g., Hanson v. First National Bank, 2011 WL 5201430, at *6 (S.D. W. Va. Oct. 31, 2011) (holding employee communications on company system are not protected when employee had "no objectively reasonable expectation of privacy or confidentiality").

[5] Since the government disclosed, pursuant to Judge Stearns's order, the search terms it used in executing the search warrants to the defendants, the defendants have made several requests of the government for information, which the government has since provided, concerning the government's search methodology and the electronic media seized from NECC. The defendants claimed they wanted this information for the purpose of determining whether to run additional searches of the electronic media. At no point did any defendant raise a concern that the original media may contain privileged materials, and the defendants do not propose how to address this in connection with their latest proposal that they be allowed to search the electronic media on the government's database.

filter team produce the potentially privileged set to the defendants and identify it by a unique Bates numbering system. The government further proposed that the parties request that the Court enter an order containing a claw-back provision pursuant to Federal Rule of Evidence 502(d) and require that any counsel seeking to use a potentially privileged communication in a public court filing or at trial first consult the privilege holder and allow the privilege holder an opportunity to exercise the claw-back provision. The government submits that such a claw-back mechanism is the most efficient way to provide the defendants with the e-mails and documents they seek; it is commonly used in criminal and civil cases. See Fed. R. Evid. 502(d) ("A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding."). The defendants rejected this offer, and proposed no other alternative other than its original position that the government's filter team review the entire potentially privileged set. The government submits that such an unyielding position is indicative of the defendants' apparent intention to try to use this as an excuse for delay, rather than to try to actually reach a practical resolution.[6]

## II. DEFENDANTS' POSITION

Defendants believe the government's taint team should complete its privilege review of the 650,000 segregated e-mails, as ordered by the Court on November 10, 2015 (Dkt. 389). The

---

[6] The defendants make several assertions below with which the government does not agree, and the government does not intend to respond to them all. However, the government does note that the defendants' claim that the government "conspicuously failed to correct" the defendants' assumption that there were only 50,000 e-mails and documents remaining in the potentially privileged set is patently false. In support of this false statement, the defendants cite the Joint Status Report (Doc. No. 374). In the report, the defendants wrote, "**the government further advised that the filter team's work would not be complete with that 50,000 document production. The team still has additional documents to review.**" Joint Status Rep. at 5 (emphasis added). The defendants cannot plausibly claim that they were unaware of the additional e-mails and documents in the potentially privileged set when they themselves informed the Court otherwise. In addition, counsel for the government had several conversations with counsel for defendant Sharon Carter about the filter team's ongoing review.

government refuses to do so. The government also has declined to provide Defendants with an estimate of how long this project would take or how many hours have been spent to date (and by how many reviewers), so the Court and parties could determine how long it would take the government to comply with the Court's November 10, 2015 Order. Instead, the government proposes to produce all of the segregated e-mails to Defendants, with no further privilege review or screening to be conducted by the taint team.

The privilege issues that caused the government to establish the taint team in the first place do not disappear if the government transmits the segregated materials to Defendants.[7] Rather, the government would simply be shifting the burden of conducting the privilege review onto defense counsel.

For all of the reasons set forth in the Response of Defendants to Government's Status Report (Dkt. 463), the government's position is indefensible. Given the virtual certainty, as acknowledged by the Government, that non-privileged discoverable materials exist within the segregated items, *id.*, at 1-2 & n.1,[8] Rule 16 obligated the government – long ago – to complete its privilege review so that the taint team could release such materials for production to Defendants. Although the government now seems to contend that it never had any obligation or intention to complete this review, it said no such thing to either Defendants or the Court when it was asked – first by Defendants (in mid-September) and then by the Court (on November 5) – when it expected to complete the review process. Instead, it said the review was ongoing, that

---

[7]NECC's defendant-owners have made their position on this point clear: "[P]rivileged material ordinarily should be produced by the Government only to members of a corporation's control group, and therefore it would be improper for any defendant, other than Barry Cadden, Gregory Conigliaro, or Carla or Douglas Conigliaro, to receive (or have received) any attorney-client privileged material." (Dkt. 464, at 1).

[8] In this regard, the government produced another 19,000 e-mails from its taint team today. That represents less than 3% of the 650,000 e-mails and documents that remain sitting with the taint team, unscreened and unproduced.

the taint team was continuing to release documents, and that it did not know when the review would be completed.

Having failed to disclose its apparent intentions – indeed, having failed even to reveal until November 5 that 40% of the relevant NECC e-mails, some of the most critical evidence in the case, were bogged down in its taint team process – and having further failed to comply with the Court's November 10 Order, the government cannot shift the burden of its failures onto Defendants, by making a proposal that would require Defendants, at this late date, to conduct the privilege review that the government should have completed in the two years it had the materials prior to indictment.

Given the parties' inability to agree on a resolution to this issue, Defendants respectfully request that the Court rule on the matter expeditiously. Among other reasons, an issue that Defendants first believed involved approximately 50,000 e-mails – a number that the government conspicuously failed to correct – and which Defendants first brought to the Court's attention in late October (Dkt. 374), has now mushroomed into a figure 13 times greater. Further, the government's inactivity – including its complete silence regarding its "interpretation" of the Court's November 10 Order – has caused four more weeks to run off the clock, with no material progress made on production.

Defendants accordingly request that the Court order the government, as it did before, to complete its taint review and produce all non-privileged documents that remain with the taint team forthwith.

BARRY J. CADDEN

By his attorneys,

/s/ Bruce A. Singal
Bruce A. Singal
BBO #464420
Michelle R. Peirce
BBO #557316
Callan G. Stein
Donoghue Barrett & Singal
One Beacon Street, Suite 1320
Boston, MA 02108
(617) 720-5090
bsingal@dbslawfirm.com
mpeirce@dbslawfirm.com
cstein@dbslawfirm.com


GLENN A. CHIN

By his attorney,

/s/ Stephen J. Weymouth
Stephen J. Weymouth
BBO #523680
Weymouth Law
65a Atlantic Avenue
Boston, MA 02110
(617) 573-9598
sweymouth@sweymouthlaw.com

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:

/s/ Amanda P.M. Strachan
Amanda P.M. Strachan
BBO #641108
George P. Varghese
Assistant United States Attorneys
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
amanda.strachan@usdoj.gov
george.varghese@usdoj.gov


GENE SVIRSKIY

By his attorney,

/s/ Jeremy M. Sternberg
Jeremy M. Sternberg
BBO #556566
Christopher M. Iaquinto
BBO #685718
Holland & Knight
10 Saint James Avenue, 11th Floor
Boston, MA 02116
(617) 854-1476
jeremy.sternberg@hklaw.com
christopher.iaquinto@hklaw.com

CHRISTOPHER M. LEARY

By his attorney,

/s/ Paul V. Kelly
Paul V. Kelly
BBO #267010
Jackson Lewis PC
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025
paul.kelly@jacksonlewis.com


SCOTT M. CONNOLLY

By his attorney,

/s/ Raymond Sayeg, Jr.
Raymond Sayeg, Jr.
BBO #555437
Krattenmaker O'Connor & Ingber
One McKinley Square
Boston, MA 02109
(617) 523-1010
rsayeg@koilaw.com


ALLA V. STEPANETS

By her attorney,

/s/ John H. Cunha, Jr.
John H. Cunha, Jr.
BBO #108580
Cunha & Holcomb, P.C.
1 State Street, Suite 500
Boston, MA 02109
(617) 523-4300
cunha@cunhaholcomb.com

JOSEPH M. EVANOSKY

By his attorneys,

/s/ Mark W. Pearlstein
Mark W. Pearlstein
BBO # 542064
Dana M. McSherry
BBO # 664430
McDermott Will & Emery
28 State Street
Boston, MA 02109
(617) 535-4000
mpearlstein@mwe.com
dmcsherry@mwe.com


SHARON P. CARTER

By her attorney,

/s/ Michael J. Pineault
Michael J. Pineault
BBO #555314
Clements & Pineault LLP
24 Federal Street
Boston, MA 02110
(857) 445-0135
mpineault@clementspineault.com


GREGORY A. CONIGLIARO

By his attorneys,

/s/ Daniel M. Rabinovitz
Daniel M. Rabinovitz
BBO #558419
John K. Wells
BBO #747818
Greenberg Traurig
One International Place
Boston, MA 02110
(617) 310-6008
rabinovitzd@gtlaw.com
wellsj@gtlaw.com

ROBERT A. RONZIO

By his attorney,

/s/ Peter C. Horstmann
Peter C. Horstmann
BBO #556377
Partridge, Ankner & Horstmann, LLP
450 Lexington Street, Suite 101
Newton, MA 02466
(617) 723-1980
pete@horstmannlaw.com

KATHY S. CHIN

By her attorney,

/s/ Joan M. Griffin
Joan M. Griffin
BBO #549522
P.O. Boston 133
Dublin, NH 03444
(617) 283-0954
griffin@lawjmg.com

MICHELLE L. THOMAS

By her attorney,

/s/ Michael C. Bourbeau
Michael C. Bourbeau
BBO #545908
Bourbeau & Bonilla LLP
80 Washington Street, Building K
Norwell, MA 02061
mike@lawgenie.com

CARLA R. CONIGLIARO

By her attorneys,

/s/ David E. Meier
David E. Meier
BBO #341710
Melinda L. Thompson
BBO #651265
Todd & Weld LLP
One Federal Street
Boston, MA 02110
dmeier@toddweld.com
mthompson@toddweld.com

DOUGLAS A. CONIGLIARO

By his attorneys,

/s/ David E. Meier
David E. Meier
BBO #341710
Melinda L. Thompson
BBO #651265
Todd & Weld LLP
One Federal Street
Boston, MA 02110
dmeier@toddweld.com
mthompson@toddweld.com

Dated:  December 11, 2015

CERTIFICATE OF SERVICE

       I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for the defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ George P. Varghese
George P. Varghese
Assistant U.S. Attorney

Dated:  December 11, 2015