UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )
UNITED STATES OF AMERICA,              )
                                                        )
                                                        )      Criminal No. 14-10363-RGS
v.                                                     )
                                                        )
BARRY J. CADDEN, <u>et</u> <u>al.</u>,                )
                                                        )
                    Defendants.                )
_____)

<u>MEMORANDUM AND ORDER</u>

December 15, 2015

Boal, M.J.

On November 10, 2015, the Court ordered the government to "complete its taint team review of potentially privileged emails no later than December 10, 2015." Docket No. 389. Subsequently, in an order dated November 16, 2015, Judge Stearns reiterated that "Magistrate Judge Boal has ordered the government to finish its 'taint team' review and final production as required under the procedural rules of the remaining 600,000 emails no later than December 10, 2015." Docket No. 421. The government has not complied with the November 10, 2015 order. In response, the Court rules as follows.

I.       <u>Procedural History</u>

At the November 5, 2015 status conference, the Court became aware of an issue regarding the government's review of potentially privileged emails that were seized from NECC pursuant to two search warrants in October 2012. In executing the search warrants, the government "ran relevant search terms against the electronic media." <u>See</u> Docket No. 432 at 44-45; Docket No. 453 at 1-2. The government then "ran a set of privileged search terms against

1

those relevant hits." Id.  Those emails that hit on one or more relevant search terms, but not the

privileged search terms, were provided to the investigative team for review.  Docket No. 453 at

1.  Those emails that also hit on one or more privileged search terms were segregated for review

by a Filter Team.[1]  Id.  On November 5, 2015, the Court was informed that despite the fact that

the search warrants were executed in October 2012, and the Filter Team had commenced review

sometime in 2013, the Filter Team had not yet completed its review of potentially privileged

documents.  Therefore, the government had not yet completed its production to the defendants of

Rule 16 materials among the segregated set of emails.  See Docket No. 432 at 44-50.  The Court

specifically asked the government at the November 5, 2015 status conference the following:

"And when is the filter team projected to be done with their review?"  The government

responded: "I don't have a time for that, your Honor."  Id. at 46.  When the Court asked: "Why

shouldn't I set a deadline for this to be done?", the government said nothing to suggest that the

Court lacked the authority to do so, or that it misunderstood the Court's questions, which plainly

pertained to the completion of the review process and not the government's unilateral

termination of that process.  Id.  Accordingly, consistent with the April 4, 2016 trial date set by

Judge Stearns, the Court entered the above-referenced order directing the government to

complete the taint team review by December 10, 2015, which Judge Stearns reiterated a few days

later.  Docket Nos. 389, 421.

On December 3, 2015, approximately four months before the commencement of trial, the

government announced that it was abandoning its longstanding discovery protocol in this case

and foregoing review of the approximately 630,000 emails in its possession that were identified

---

[1] The potentially privileged set originally numbered approximately 713,000 emails and
documents.  Docket No. 453 at 2.

during the privilege search.  Unbeknownst to this Court and defense counsel, the government

interpreted this Court's order to mean that "any emails not cleared by the Filter Team prior to

December 10, 2015, would be excluded from use at trial by the government."  Docket No. 453 at

2.[2]  The government argues that the manner in which it executes a search warrant and conducts

its investigation is a discretionary act and, therefore, the Court's order exceeded its authority.  Id.

at 3-4.  In addition, the government argues now that it would have been "factually" impossible

for the Filter Team to finish the review in twenty business days.  Id. at 3.[3]  Interestingly, the

solution the government proposes is that the defendants do what the government claims it

cannot—the production of all 630,000 documents to all defendants for their review.

---

[2] The Court's order is clear: it ordered the government to "complete" the taint review.  Docket No. 389.  If any ambiguity remained, it was certainly clarified by Judge Stearns' subsequent order reiterating that the government was to "finish" its taint team review of the "remaining 600,000 emails."  Docket No. 421.  In any event, if the government either had doubts as to the meaning of the Court's order or believed the Court order to be beyond its authority, the proper course of action would have been to file a motion for clarification, a motion for reconsideration, or an appeal to the District Court.

[3] The government does not elaborate on this claim and, therefore, it is not clear whether the government is claiming that it lacks the resources to complete the review in a short period of time.  However, this flies in the face of the government's characterization of the importance of this case as well as the number of agencies involved.  Not only is the United States Attorney's Office involved, but also the Consumer Protection Branch of the United States Department of Justice.  In addition, the Federal Bureau of Investigation, the U.S. Food and Drug Administration, the Department of Veterans Affairs, the Department of Defense, Defense Criminal Investigative Service, and the United States Postal Inspection Service participated in the criminal investigation.  Docket No. 237 at 6.  In any event, if the government believed it would not be able to comply with the Court's order in the time allotted, the proper course of action would have been to file a motion for an extension of time.

II.   <u>Analysis</u>

Contrary to the government's assertions,[4] the Court's order does not implicate discretionary decisions about how the government executes search warrants or conducts its investigation in this case.  Rather, the Court's order is based on its authority to establish deadlines for the government's compliance with its discovery obligations.  The government has acknowledged that every one of the segregated emails hit on one or more relevancy search terms that the government used to cull out relevant materials from the electronic media seized at NECC.[5]  <u>See</u> Docket No. 432 at 44-45.  The government reports that it has produced to the defendants all emails and documents that hit on relevancy search terms.  Docket No. 453 at 2.  The only reason it has not produced the segregated materials is because they also hit on potentially privileged search terms.  Further, the government has acknowledged that there could be materials that are discoverable under Rule 16 among the segregated materials.[6]  Docket No. 432 at 48.  The government determined both how to conduct the search on the electronic data and also its method for review and production and has operated under these protocols for the past two years.  The Court had no role in these determinations.  Rather, the government on its own chose how to proceed.  Having decided to proceed in this manner, the government may not now, less than four months before trial, simply stop the review of potentially discoverable materials.

---

[4] The government's assertion that the Court lacks authority is based on cases where courts found they lacked authority to order the government to initiate investigations.  <u>See</u> Docket No. 453 at 3-4.  Those cases are plainly distinguishable.

[5] For this reason, the Court is not directing the government to conduct a search.  Rather, the government has already conducted the search itself by running its chosen terms.

[6] The fact that under the government's interpretation it may not use the materials in its own case does not address the fact that there may be exculpatory or otherwise required to be produced materials among the segregated emails.

The government's offer to provide the approximately 630,000[7] emails remaining in the potentially privileged set directly to all defendants is not adequate.  The government has not provided the materials for almost a year after its first Rule 16 production on the basis that the materials were privileged.  It has offered no reason to believe that concern no longer exists.  The government has not satisfactorily addressed the Court's concerns regarding a potential waiver of any privilege by disclosing privileged materials to all defendants.[8]  To the extent such documents can be and are made available to the defendants—and because of privilege issues, production to all defendants is doubtful—the government's newly-invoked approach shifts to the defendants an enormous discovery undertaking.[9]  In this respect, the Court notes that the Filter Team has had over two years to complete its review.[10]  See Docket No. 463-3.  It also notes that the government's failure to complete its review flies in the face of its characterization of this case as

---

[7] The government's numbers have changed over time.  For example, its latest pleading stated 630,000 emails remain to be reviewed whereas the government previously provided a number of 600,000.  Compare Docket No. 432 at 45 with Docket No. 467 at 2.  Indeed, the numbers provided by the government are unclear.  The government has stated that the original potentially privileged set contained 713,000 emails and that, to date, the Filter Team has reviewed approximately 133,000 emails and documents.  Docket No. 453 at 2.  That would leave 580,000 emails to be reviewed, not 630,000.

[8] The Court takes no position regarding whether the privilege is held by NECC's post-confirmation officer or the control group for NECC and whether disclosure to the control group would waive the privilege.  However, based on the information provided to the Court to date, it appears that the privilege would be waived if such materials were produced to all defendants.

[9] The government also suggests that the post-confirmation officer could review the material for privilege.  Docket No. 453 at 5.  This solution would have a significant effect on the victims in this case.  As has been made clear in the civil case, every dollar spent by the post-confirmation officer and/or his counsel in such undertaking would result in one less dollar available to the victims.

[10] The government insinuates that the defendants are using this issue as an excuse to delay the trial.  Docket No. 467 at 4.  To the extent that any delay becomes necessary as a result of this issue, such delay falls squarely on the government.

"one of the highest priorities of the USAO" and "one of the most significant federal prosecutions currently ongoing in the United States."  See In re New England Compounding Center, No. 13-md-2419 (D. Mass.) at Docket No. 1838-3, ¶ 5.

III.    Order

Accordingly, the Court orders the government to finish the taint team review of all potentially privileged emails no later than January 15, 2016.  As with the prior order, the government shall make rolling productions of emails as they are released by the Filter Team and shall make its best efforts to make a production that facilitates the expeditious processing and hosting of the materials in any web-based database that defense counsel are currently using.

    /s/  Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE